UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-107-MOC-DCK-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ANTREL NACHEF WALKER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's *pro se* Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 57). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

I. BACKGROUND

On March 18, 2020, Defendant was charged with Tyquis and Twyjuan Jenkins in a 25-count indictment alleging conspiracy to violate the laws of the United States and to commit wire and bank fraud (18 U.S.C. §§ 371 and 1349), aggravated identity theft (18 U.S.C. § 1028A), making false statements during the acquisition of a firearm (18 U.S.C. § 922(a)(6)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). Doc. No. 20. Defendant's first appearance in federal court was on May 5, 2020. Attorney Miranda J. Mills was appointed to represent the Defendant in this case. A detention hearing was held before United States Magistrate Judge Cayer on May 8, 2020 in which the defendant raised many of the same health issues as in his Compassionate Release Motion. Considering all of the factors under the Bail

-1-

Reform Act, Judge Cayer ordered the Defendant detained pending trial. (Doc. No. 32). Defendant did not appeal Judge Cayer's order of pre-trial detention or seek reconsideration.

On July 20, 2020, Defendant pled guilty to Counts One and Twenty-Five pursuant to a written plea agreement and factual basis. (Doc. Nos. 38, 39, and 40). A final Presentence Investigation Report (PSR) was completed on September 25, 2020. (Doc. No. 50). A date for the Defendant's sentencing hearing has not been scheduled.

On February 26, 2021, Defendant filed his *pro se* Motion for Compassionate Release stating that he "hereby gives notice of motion from the judgement and sentence imposed by this Court on February 21, 2021." On March 2, 2021, the Court entered its Order directing the Government to respond to Defendant's Compassionate Release Motion. (Doc. No. 57). However, as the Court's docket shows and the Defendant concedes in his *pro se* Motion, he has not yet been sentenced. (Id. at 2). No judgement as been imposed in Defendant's case.

**II.     DISCUSSION**

By its plain language, 18 U.S.C. § 3582(c) provides exceptions for when a court may "modify a term of imprisonment once it has been imposed." Before a sentence is imposed, this court retains jurisdiction to impose any lawful sentence considering the factors set forth in 18 U.S.C. § 3553(a), including the circumstances of the offense and the history and characteristics of the defendant. If the Court's sentence includes a term of imprisonment, the Court may make a recommendation concerning the type of prison facility appropriate for the defendant. (Id.).

As noted above, the final PSR in the case has been completed. This PSR details Defendant's medical conditions, including his diagnosis of Sickle Cell Disease. (Doc No. 45

at ¶ 44). This case is ripe for sentencing. At sentencing, the Defendant may raise the issues noted in his Compassionate Release Motion through his court-appointed counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's *pro se* Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 57), is **DENIED**.

Signed: March 22, 2021

Max O. Cogburn Jr.
United States District Judge